WEST LEECHBURG STEEL CO. *v.* SMITTON.

1. CORPORATIONS—DEFAULT IN FILING ANNUAL REPORTS AND PRIVILEGE FEES—LIABILITY OF OFFICERS.

    In action by creditor of corporation, which had failed to pay annual privilege fee at time of filing annual report, against stockholder who was alleged to have been a director and vice-president at time of default and liable, therefore, for corporate debts incurred during such default, record *held*, to sustain finding of trial court that defendant, who did not attend meetings at which she was elected and re-elected vice-president, never had knowledge she held such office and never did any act or performed any duty as an officer of the company (Act No. 327, §§ 82, 87, Pub. Acts 1931).

2. SAME — STOCKHOLDER —DIRECTORS—OFFICERS—REPORTS—ANNUAL PRIVILEGE FEES.

    Stockholder who had representative without proxy at stockholders' meetings but who had authorized no one to elect her director or vice-president, never accepted such position or was notified of election, was never notified of or attended directors' meetings, took no part in management or operation of corporation's business *held*, not an officer and, therefore, not liable for debts of corporation incurred while it was in default in filing annual reports because of failure to pay annual privilege fees (Act No. 327, §§ 82, 87, Pub. Acts 1931).

3. SAME—DIRECTORS—ACCEPTANCE OF OFFICE.

    Person who never accepted office of director but was simply held out as such by others without his knowledge, cannot be held liable for failure on part of board to comply with statute.

4. SAME—OFFICERS—ACCEPTANCE OF OFFICE.

    The selection of a person as an officer of a corporation without his knowledge will not make him such officer unless he afterwards, but during term for which elected, indicate acceptance either expressly or impliedly.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 9, 1937. (Docket No. 50, Calendar No. 39,317.) Decided May 21, 1937.

Assumpsit by West Leechburg Steel Company, a Pennsylvania corporation, against Luella Smitton. Judgment for defendant. Plaintiff appeals. Affirmed.

*Smedley & Stribley,* for plaintiff.

*Gillard & Gillard,* for defendant.

Sharpe, J. Plaintiff sold to the Ottawa Manufacturing Company certain merchandise between February 8 and April 21, 1934, to the extent of $1,880.85 and now brings suit against defendant, one of the stockholders of said company. The Ottawa Manufacturing Company was incorporated in January, 1930, with Frank Smitton, husband of defendant, one of the incorporators. He served as director and vice-president until his death, February, 1932. On his death, defendant became the sole owner of the 1,500 shares of stock that had been held jointly by them.

At the stockholders' meeting held in February, 1933, the defendant was elected a director of the corporation and at a directors' meeting held the same day was elected vice-president. In February, 1934, defendant was re-elected to both offices, but was not present at either meeting. The annual reports of the company for the years 1933 and 1934 were made by the proper officers of the company and received at the office of the secretary of State but unaccompanied by the privilege fee on each occasion, and were therefore not filed. The statute (Act No. 327, § 82, Pub. Acts 1931) requires the filing of these annual reports

and the payment of these fees. Section 87 of the above act provides that, "Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

It is the claim of plaintiff that defendant was elected a director in February, 1933, and on the same day was elected vice-president and re-elected in 1934 and that by virtue of the failure or neglect of the corporate officers of the Ottawa Manufacturing Company to file their annual reports with the secretary of State, the liability of defendant became fixed as to merchandise sold to the company during the period of February 8 to April 21, 1934.

The defendant claims:

1. That she was not and is not a director of the corporation for the following reasons: She did not give a proxy to vote her stock, nor give any instructions to elect her director; she did not accept or agree to accept or act in the position of director; she did not act in the position of director; and she was not present when the meetings were held although the minutes show she was present;

2. That she is not and never was an officer of the corporation for the following reasons: she was never elected to that office, never accepted any office, and never performed nor was ever requested or required to perform any of the duties of any office in the corporation; and the minutes upon which her alleged election as vice-president by the board of directors is based are erroneous, but, even if correct, would be illegal because they attempt to give effect to an illegal delegation of authority of a director;

3.  That before an officer or even a director of a corporation becomes such and makes himself chargeable with the duties of that office he must accept the office, otherwise he is not an officer.

The trial court found in favor of the defendant and also made the following finding of facts:

"The evidence shows conclusively that she was not personally present at either meeting but that a Mr. Harry Marshall was present representing her interest.  The evidence also shows conclusively that she was elected vice-president without her knowledge or consent and without the knowledge or consent of her representative.  In fact her representative could not act as her proxy at a directors' meeting.  * * *

"She was not present at either meeting but at the stockholders' meeting was represented by Mr. Marshall.  Her re-election as vice-president was again without her knowledge or consent or that of her representative.  In fact, neither she nor her representative ever knew that she ever held the office of vice-president, nor did she ever do any act or perform any duty as an officer of the company."

We have read the record carefully and agree with the trial court's finding of facts.  Defendant never authorized anyone to elect her a director or vice-president; she never accepted that position; she was never notified that she had been so elected; she took no part in the management or operation of the corporation's business; she was never notified of or attended any meeting of the board of directors; nor did she sign any papers that would be incumbent upon one holding such a position.

"The person who never accepted the office of director, but was simply held out as such by others without his knowledge, cannot be held liable for any failure on the part of the board to comply with the

statute.'' 2 Thompson on Corporations (3d Ed.), p. 1010, § 1450.

''The theory of the law is that the officer should show his willingness to serve by acceptance of his appointment. The selection of a person as an officer without his knowledge will not make him such officer unless he afterwards indicate his acceptance either expressly or impliedly,—as, by acting as an officer.'' 2 Thompson on Corporations (3d Ed.), p. 1091, § 1499.

''To make one an officer of a corporation, his consent, as well as an appointment or election is necessary. A person who is elected without his knowledge, and who does not accept the office, or act as an officer, is not an officer, although he may have received stock after his election. * * * In a Kentucky case,* the court said: 'One elected to an office must accept it in some way before he can be said to have become an officer. And he must accept it during the term for which he was elected. Holding over applies only to officers who were elected and installed during the term.' '' 2 Fletcher Cyclopedia Corporations (Perm. Ed.), p. 71, § 314.

The record fails to show that defendant was an officer or director of the Ottawa Manufacturing Company at the time claimed by plaintiff.

Judgment of the lower court is affirmed, defendant may recover costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.

---

* *Bramblet* v. *Commonwealth Land & Lumber Co.*, 26 Ky. L. Rep. 1176 (83 S. W. 599).—Reporter.